IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. BK08-42394-TLS |
| | ) | |
| MICHAEL E. LUEDERS and | ) | CH. 13 |
| TIFFANY J. LUEDERS, | ) | |
| | ) | |
| Debtors. | ) | |
| MICHAEL E. LUEDERS and | ) | ADV. NO. A08-04086-TLS |
| TIFFANY J. LUEDERS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COLLECTION ASSOCIATES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This adversary proceeding was presented to the Court on May 28, 2009, in Lincoln, Nebraska, on a Statement of Stipulated Facts (Fil. #15) and oral arguments by the parties. David P. Lepant appeared for Plaintiffs, Michael and Tiffany Lueders, and Trev Peterson appeared for Defendant, Collection Associates, Inc.

Defendant obtained a pre-petition judgment against Plaintiffs, which judgment was transcribed to the County Court of Douglas County, Nebraska, Case No. CI07-26672. Plaintiffs filed a Chapter 13 proceeding in this Court on October 9, 2008. On that same date, they filed a suggestion of bankruptcy in the case pending in the County Court of Douglas County, Nebraska.

The 90-day preference period under 11 U.S.C. § 547 began July 11, 2008, and ended October 9, 2008. Prior to bankruptcy filing, Defendant caused a continuing order of garnishment to be issued against Plaintiff Michael Lueders' paychecks from his employer. Pursuant to that garnishment, the following amounts were taken from Mr. Lueders' paychecks and paid to Defendant:

| **Amount** | **Date of Paycheck** | **Pay Period** |
|---|---|---|
| $90.96 | October 14, 2008 | September 21 - October 4, 2008 |
| $89.25 | September 30, 2008 | September 7 - September 20, 2008 |
| $89.79 | September 16, 2008 | August 24 - September 6, 2008 |
| $100.01 | September 2, 2008 | August 10 - August 23, 2008 |
| $79.40 | August 19, 2008 | July 27 - August 9, 2008 |
| $87.67 | August 5, 2008 | July 13 -July 26, 2008 |
| $89.06 | July 22, 2008 | June 29 - July 12, 2008 |

The most recent amount garnished ($90.96 from the paycheck dated October 14, 2008) was mailed to Defendant by the Douglas County Court on October 20, 2008, which was 11 days after Plaintiffs filed their petition in bankruptcy. The Douglas County Court mailed that amount to Defendant despite the suggestion of bankruptcy filed in that case. Rather than retain that final garnishment, Defendant returned it to Plaintiffs' attorney, who turned it over to Plaintiffs.

According to the stipulation of the parties, the total of all amounts garnished was $626.14. If the amount from the October 14, 2008, paycheck is excluded, the total amount garnished was $535.18. Plaintiffs seek to avoid the transfers pursuant to 11 U.S.C. §§ 522(h) and (i). The parties have stipulated that all of the elements set out by those sections have been met. However, Defendant takes the position that the transfers are not avoidable because they do not meet the $600.00 threshold set forth in 11 U.S.C. § 547(c)(8), which provides as follows: "(c) The trustee may not avoid under this section a transfer . . . (8) if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600[.]"

Accordingly, the question presented is whether the $600.00 threshold has been met. In order to make that determination, we must first identify what constitutes a "transfer" pursuant to 11 U.S.C. § 547. In the case of *Hogsett v. Credit Bureau of Scottsbluff, Inc.*, BK01-08034-TJM (Bankr. D. Neb. Oct. 9, 2001), Chief Judge Timothy J. Mahoney was presented with this very issue, which he identified as "[t]he question is whether the 'transfer' occurred on the date the debtor earned the wages or on the date the check was issued to the creditor in payment of the garnishment." Judge Mahoney found that since wages subject to garnishment became payable to the debtor at the time she performed the work, under the Nebraska statutory scheme on garnishments, each avoidable portion of the transfer occurred on the date the debtor worked for the wages.

Plaintiffs' position is that it is too difficult for debtors and creditors to follow the rule set out in *Hogsett* because of the need to divide up a paycheck by the date the wages were earned. Plaintiffs point out that there are two garnished paychecks at issue during the 90-day preference period contemplated by 11 U.S.C. § 547. That period of time begins July 11, 2008, and ends on October 9, 2008. The first paycheck at issue was dated July 22, 2008, for the pay period beginning June 29, 2008, and ending July 12, 2008. Thus, there were only two days during that time period that fell within the preference window. The other paycheck at issue is the final garnishment for the pay period beginning September 21, 2008, and ending October 4, 2008. The pay period was all within the 90-day preference window, but the paycheck was not issued by the employer until October 14, 2008.

Plaintiffs argue that even though the July 22, 2008, paycheck covered only two days within the preference period, the paycheck itself was within the preference period and, therefore, the entire amount garnished should be included in the calculation. In other words, Plaintiffs believe the *Hogsett* rule is incorrect. Plaintiffs further argue that the October 14, 2008, paycheck was for a pay period fully within the preference period and, therefore, the entire October 14, 2008, paycheck should also be included even though it was paid after the date of bankruptcy filing. Plaintiffs cannot have it both ways. Both ends of the preference period need to be treated the same. By doing so, it

becomes clear that the $600.00 threshold was not met regardless of whether the *Hogsett* rule (based on the date the wages were earned) or a "pay date" rule is used.

Applying the "pay date" methodology first, it is clear that the October 14, 2008, paycheck occurred post-petition. Therefore, it does not fall within 90 days prior to the date of filing the petition and is not a preference under that analysis. When that paycheck is excluded, the total amounts garnished during the preference period add up to $535.18. Thus, the $600.00 threshold of 11 U.S.C. § 547(c)(8) is not met.

Turning next to the *Hogsett* analysis, the October 14, 2008, paycheck was for the pay period September 21, 2008, through October 4, 2008. The underlying bankruptcy proceeding was filed on October 9, 2008. Therefore, the entire amount of the October 14, 2008, paycheck was "earned" by Mr. Lueders within the 90-day preference period. The July 22, 2008, paycheck, however, involved only two days (July 11 and 12, 2008) within the 90-day preference period. During that two-week period, Mr. Lueders worked a total of 69.5 hours. Unfortunately, neither of the parties obtained evidence from the employer as to which days Mr. Lueders actually worked during that two-week period. All we know is that Mr. Lueders worked a total of 69.5 hours during the period of time from June 29, 2008, through July 12, 2008. During oral argument, Defendant presented a series of demonstrative calculations based on assumptions as to when Mr. Lueders worked, including a calculation assuming Mr. Lueders worked 24 hours a day on both July 11 and July 12, the only two days falling within the preference period. Even using that extreme example, the applicable garnishment amount falling within the preference period would fall short of the $600.00 threshold. Plaintiffs did not dispute those calculations.

Accordingly, regardless of which methodology is used, the $600.00 threshold of 11 U.S.C. § 547(c)(8) is not met. Therefore, the transfers may not be avoided.

IT IS, THEREFORE, ORDERED that Plaintiffs' Complaint (Fil. #1) is dismissed.

DATED: June 3, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *David P. Lepant
    Trev Peterson
    Kathleen Laughlin
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.